UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HENRY HAPGOOD, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-CV-00110 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255, but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the Antiterrorism and Effective Death Penalty Act (AEDPA).

In the instant motion, movant claims his sentence should be vacated in light of the United States Supreme Court case of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] On February 26, 2009, movant entered a guilty plea to Count I: 21 U.S.C. § 841(a)(1), manufacturing a mixture or substance containing a detectable amount of methamphetamine; and Count II: 18 U.S.C. § 922(g)(1), felon in possession of a firearm, enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). *United States v. Hapgood*, 1:08-CR-00151 SNLJ (E.D. Mo.). Movant was sentenced on August 10, 2009, to a term of imprisonment of 180 months on Count I, and 180 months on Count II, the sentences to run concurrently. Movant appealed his judgment and

---

[1] Movant additionally moves for application of *United States v. Naylor*, 887 F.3d 397 (8th Cir. 2018). *Naylor* states that Missouri's crime of second-degree burglary, as codified under Mo. Rev. Stat. 569.170 (1979), does not qualify as a violent felony under the Armed Career Criminal Act. The *Naylor* Court came to this conclusion because Missouri's second-degree burglary statute covered more conduct than did generic burglary. 887 F.3d at 406-07.

conviction. The United States Court of Appeals for the Eighth Circuit affirmed movant's sentence on May 3, 2010.

Movant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on February 28, 2011. *Hapgood v. United States*, 1:11-CV-00036 SNLJ (E.D. Mo.). The motion was denied on November 30, 2011. On June 17, 2016, movant moved for permission from the United States Court of Appeals for the Eighth Circuit to file a second or successive motion to vacate, set aside or correct sentence. *Hapgood v. United States*, No. 16-2742 (8th Cir. 2016). The Court of Appeals denied his request on October 4, 2016. The motion to set aside, vacate or correct sentence presently before the Court was filed on May 9, 2018.

The AEDPA requires that a second or successive § 2255 motion be authorized by a three-judge panel of the court of appeals. *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Movant filed his successive § 2255 motion without the required certification from the court of appeals. When a second or successive habeas petition is filed in a district court without authorization from the court of appeals, the district court should dismiss it, or, in its discretion,

transfer the motion to the appellate court so long as it is in the interests of justice. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).

Accordingly,

**IT IS HEREBY ORDERED** that the instant motion to vacate, set aside or correct sentence is **DENIED** without prejudice, because movant did not obtain permission from the court of appeals to bring the motion in this Court. *See* 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

Dated this 21st day of May, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE